**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**AT MEMPHIS**

| | |
|---|---|
| KWAME CASH, individually and on behalf of others similarly situated, | ) ) ) |
| *Plaintiff,* | ) ) |
| v. | ) No. 2:23-CV-2674 ) |
| DAILY HARVEST, INC., SECOND BITES FOOD, INC. d/b/a "STONE GATE FOODS, SMIRK'S LTD., and JOHN DOE CORPORATIONS 1-5, | ) ) ) ) ) ) |
| *Defendants.* | ) |

**ANSWER OF SMIRK'S LTD. AND CROSS CLAIMS**

Comes now your Defendant, Smirk's Ltd. (hereinafter "Smirk's"), by and through the counsel of record, and for Answer to the Complaint for Damages (hereinafter "Complaint") filed against it states as follows:

**PARTIES**

1. Smirk's is presently without sufficient knowledge or information to form a belief as to the truth of the averments set forth in Paragraph 1 of the Complaint and therefore denies same. Smirk's denies that the French Lentil + Leek Crumbles food product was "adulterated and/or contaminated food" when consumed by the plaintiff.

2. Answering Paragraph 2 of the Complaint, Smirk's would show that the averments contained therein are not directed at this Defendant and no answer on its part is required. Otherwise, Smirk's denies knowledge or information sufficient to form a belief as to the truth of every allegation contained therein and therefore denies same.

1

3. Answering Paragraph 3 of the Complaint, Smirk's would show that the averments contained therein are not directed at this Defendant and no answer on its part is required. Otherwise, Smirk's denies knowledge or information sufficient to form a belief as to the truth of every allegation contained therein and therefore denies same.

4. Smirk's admits the averments set forth in the first two sentences of Paragraph 4 of the Complaint. Smirk's denies all averments set forth in the third sentence of Paragraph 4 of the Complaint, except admits that answering Defendant imports food ingredients. Smirk's admits the averments set forth in the last sentence of Paragraph 4 of the Complaint.

5. Answering Paragraph 5 of the Complaint, Smirk's would show that these averments are not directed toward Smirk's and no answer on its part is required. Otherwise, Smirk's denies knowledge or information sufficient to form a belief as to the truth of every allegation contained therein and therefore denies same.

## JURISDICTION

6. Smirk's denies knowledge or information sufficient to form a belief as to the truth of every averment contained in Paragraph 6 of the Complaint, and respectfully refers all questions of law to the Honorable Court.

## FACTUAL ALLEGATIONS

7. Answering Paragraph 7 of the Complaint, Smirk's denies knowledge or information sufficient to form a belief as to the truth of every allegation contained therein and therefore denies same.

8. Smirk's denies each and every averment contained in Paragraph 8 of the Complaint except admits that the product identified in Paragraph 8 of the Complaint was the subject of a recall.

9. Answering Paragraph 9 of the Complaint, Smirk's would show that the averments therein are grammatically nonsensical such that Smirk's cannot ascertain what specific facts are being averred. Smirk's denies each and every averment contained therein except Smirk's admits that it imported food ingredients.

10. Smirk's denies all averments set forth in Paragraph 10 of the Complaint.

## CAUSE OF ACTION

11. Smirk's denies all averments set forth in Paragraph 11 of the Complaint, and refers all questions of law to the Honorable Court.

12. Answering Paragraph 12 of the Complaint, Smirk's denies knowledge or information sufficient to form a belief as to the truth of the averments set forth therein and therefore denies same.

13. Answering Paragraph 13 of the Complaint, Smirk's denies knowledge or information sufficient to form a belief as to the truth of the averments set forth therein and therefore denies same.

14. Answering Paragraph 14 of the Complaint, Smirk's denies all averments contained therein, except Smirk's admits that it imports food ingredients.

15. Answering Paragraph 15 of the Complaint, Smirk's denies all averments therein.

16. Answering Paragraph 16 of the Complaint, Smirk's denies all averments therein, and refers all questions of law to the Honorable Court.

17. Answering Paragraph 17 of the Complaint, Smirk's denies all averments therein, and refers all questions of law to the Honorable Court.

## DAMAGES

18. Smirk's denies all averments set forth in Paragraph 18 of the Complaint.

19. Smirk's denies knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 19 of the Complaint and therefore denies same.

20. Smirk's denies knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 20 of the Complaint and therefore denies same.

## PRAYER FOR RELIEF SOUGHT

21. For further answer, Smirk's denies that the Plaintiff is entitled to any of the monetary relief set forth in his prayer for relief against Smirk's.

## AFFIRMATIVE DEFENSES

22. For further answer, Smirk's affirmatively avers that the Complaint fails to state a claim against Smirk's upon which relief can be granted.

23. For further answer, Smirk's pleads and relies upon the defenses and limitations set forth in the Tennessee Civil Justice Act of 2011, including, but not limited to, the caps placed on damages pursuant to Tenn. Code Ann. §§ 29-39-102, 29-39-104, and/or other provisions of the Tennessee Civil Justice Act of 2011 relating to any defenses, jury instructions, and/or other limitations upon liability or damages contained in the Act or elsewhere in the law.

24. For further answer, Smirk's pleads and relies upon the defenses and limitations set forth in the Tennessee Products Liability Act of 1978, Tenn. Code Ann. § 29-28-101 *et seq.*, including, but not limited to the fact that Smirk's was not a manufacturer of the product at issue pursuant to Tenn. Code Ann. § 29-28-102; that Smirk's complied with government standards pursuant to Tenn. Code Ann. § 29-28-104; and/or any other limitations upon liability or damages contained in the Act or elsewhere in the law.

25. For further answer, no acts or omissions by Smirk's, whether alone or in combination with any one or more other acts or omissions by others, was an actual cause, "but for"

cause, proximate cause, contributing cause, or substantial factor of any injury or damage allegedly suffered by Plaintiff.

26. For further answer, Smirk's avers that to the extent it is proven Plaintiff failed to mitigate his alleged damages, then Smirk's is not liable for any additional damages incurred as a result of Plaintiff's failure to mitigate.

27. For further answer, Smirk's pleads modified comparative fault as it currently exists in the State of Tennessee against the named and unnamed co-defendants and other third parties whose acts and omissions are such that they, alone or combined, constitute fault which caused or contributed to Plaintiff's alleged injuries and damages.

28. For further answer, Smirk's avers that in the event Plaintiff sustained the injuries and damages complained of, such injuries were caused in whole or in part by the negligence of Molinos Asociados, SAC (hereinafter "Molinos"). On information and belief, Molinos Asociados, SAC is a Peruvian company owned by Herbert Telge, with a principal place of business located at Calle 2 Mz.N Lt.4 Las Vertientes, Villa El Salvador, Lima, Peru. Molinos is a foreign citizen of Peru. Smirk's avers that Molinos was a processor and distributor of tera products and manufactured and distributed tera flour. Smirk's contracted with Molinos to purchase tera flour which was subsequently sold to Co-Defendant Second Bites Food, Inc. d/b/a "Stone Gate Foods." Co-Defendants have alleged tera flour was ultimately incorporated as an ingredient in a French lentil + leak crumbles meal sold by Co-Defendant Daily Harvest, Inc. Smirk's avers that in the event Plaintiff proves he sustained the injuries and damages complained of from the product alleged, such injuries were caused all or in part by the acts or omissions by Molinos and breach of the contractual agreement between Molinos and Smirk's which should bar or reduce Plaintiff's recovery against Smirk's under the doctrine of comparative fault.

29. For further answer, any and all acts performed by Smirk's were at all times relevant hereto in conformity with the state of the art for manufacturer, design, testing, labeling, and promotion of similar products.

30. For further answer, Smirk's avers that any alleged act or omission on its part was not the proximate cause or superseding intervening cause of Plaintiff's alleged damages.

31. For further answer, Smirk's avers this Court lacks personal jurisdiction over Smirk's, and therefore the Complaint should be dismissed.

32. For further answer, Plaintiff's Complaint is barred by the doctrine of federal preemption.

33. For further answer, Smirk's denies the allegations of any and all cross-claims filed or to be filed against it by any party to this action.

34. For further answer, Smirk's asserts that it intends to rely upon such other defenses as may be available or become apparent during discovery and hereby reserves the right to amend its Answer to plead said defenses.

### FIRST CROSS-CLAIM AGAINST DAILY HARVEST, INC. AND SECOND BITES FOOD, INC., d/b/a "STONE GATE FOOD"

1. Smirk's repeats and reiterates each and every allegation and denial heretofore made with the same force and effect as if they were set forth at length herein.

2. If and in the event that Plaintiff sustained the injuries and damages complained of, such injuries and damages were caused entirely by the reason of the negligence, carelessness, recklessness, and/or violations of law of the above-names parties, there being no active or primary wrongdoing on the part of Smirk's contributing thereto.

3. By reason of the foregoing, Smirk's is entitled to full indemnity from, and for judgment over and against the above-named parties for all of any verdict or judgment entered against Smirk's, together with attorneys' fees and expenses incurred by Smirk's.

### SECOND CROSS-CLAIM AGAINST DAILY HARVEST, INC. AND SECOND BITES FOOD, INC., d/b/a "STONE GATE FOOD"

1. Smirk's repeats and reiterates each and every allegation and denial heretofore made with the same force and effect as if they were set forth at length herein.

2. If and in the event that Plaintiff sustained the injuries and damages complained of, such injuries and damages were caused entirely by the reason of the negligence, carelessness, recklessness, and/or violations of law of the above-names parties, there being no active or primary wrongdoing on the part of Smirk's contributing thereto.

3. That in the event any judgment or verdict is recovered against Smirk's, Smirk's is entitled to contribution from and to judgment over the above-named parties equal to the proportionate share of responsibility as is adjudged among all defendants herein.

### THIRD CROSS-CLAIM AGAINST DAILY HARVEST, INC. AND SECOND BITES FOOD, INC., d/b/a "STONE GATE FOOD"

1. Smirk's repeats and reiterates each and every allegation and denial heretofore made with the same force and effect as if they were set forth at length herein.

2. There exists a contractual agreement between Smirk's and Daily Harvest, Inc.

3. That in the event Plaintiff sustained the injuries and damages complained of, such injuries were caused in whole or in part by reason of breach of the aforesaid contractual agreement, without any wrongdoing on the part of Smirk's contributing thereto.

4. That as a result of the foregoing, Smirk's is entitled to be indemnified, defended, and held harmless by Daily Harvest, Inc.

5.	That as a result of the foregoing, Daily Harvest, Inc. is obligated to reimbursement of defense costs, including attorney's fees, incurred by Smirk's.

6.	That in failing to defend, indemnify and hold Smirk's harmless in connection with the defense of the within lawsuit, Daily Harvest, Inc. has breached its contract with Smirk's.

WHEREFORE, having fully answered and asserted its Cross-Claims, Smirk's respectfully submits that the Complaint For Damages should be dismissed as against Smirk's, Ltd. in its entirety, and as to the Cross-Claims, Smirk's is entitled to be defended and indemnified to the fullest extent permitted by law and is entitled to damages as set forth herein, along with such other and further general relief as this Court deems just and proper.

Respectfully submitted this 9th day of November, 2023.

/s/ John W. Butler, Esq.
JOHN W. BUTLER, BPR #014771
BUTLER, VINES AND BABB, P.L.L.C.
*Attorney for Smirk's Ltd.*
2701 Kingston Pike
Knoxville, TN  37919
(865) 244-3925 – Phone/Fax
jbutler@bvblaw.com

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and exact copy of this the foregoing document was filed electronically through the Court's electronic filing system and has been served via email or U.S. Mail on:

James E. King, Jr., BPR # 021219
Eskins, King & Marney PC
*Attorney for Plaintiff*
200 Jefferson Ave Ste 1510
Memphis, TN 38103
901-578-6902
jking@eskinsking.com

Jamie K. Durrett, BPR # 026278
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
*Attorney for Second Bite Foods, Inc. d/b/a*
*Stone Gate Foods*
3102 West End Ave Ste 400
Nashville, TN 37203
615-968-3434
jamie.durrett@wilsonelser.com


Daily Harvest, Inc.
1115 Broadway, Suite 1105
New York, NY 10010


This 9th day of November, 2023.

                                                BY:   /s/ John W. Butler, Esq.
                                                               JOHN W. BUTLER